Henry Epstein, J.
The Special Term has directed a trial of the issues of fact under section 1295 of the Civil Practice Act to determine whether the respondent police commissioner’s determination was ‘ ‘ arbitrary and capricious. ’ ’ That trial has been held. Petitioner, an honorably discharged veteran, was certified to the police department as eligible for appointment as a probationary patrolman. Three times the petitioner has been refused appointment and passed over although among the first three names on the eligible list. Unless, therefore, the police commissioner’s action can be said to be without reasonable basis, the respondent must prevail. We must, therefore, ascertain what basis there was for “ passing over ” petitioner.
The appropriate board of the police department after a hearing refused to pass petitioner and the commissioner refused to appoint him. Petitioner on cross-examination has admitted the truth of the grounds upon which the commissioner based his action. These grounds are found in the petitioner’s service record in the Navy. He was in the Navy from 1948 to 1952, when he was honorably discharged. Prior to his discharge he had been subject to disciplinary action four times. On one of these petitioner pleaded guilty to being absent without leave for three days, after which he was fined loss of pay and sentenced to hard labor for 18 days. On another charge petitioner also pleaded guilty of breaking restrictions and was fined $25 and loss of pay for 20 days. Both these infractions of regulations and the penalties came after court-martial. The other two offenses were minor and were not sufficiently serious to warrant court-martial.
The position taken by petitioner is that his honorable discharge “ is a testimonial of honorable service ” and that the commissioner cannot go behind that “ testimonial ” and base his action on the offenses in service prior to said honorable discharge. The court cannot accept this argument. The commissioner is not prohibited from reviewing the petitioner’s entire record and is not compelled to accept petitioner’s “ honorable discharge ” from service as an indorsement wiping out petitioner’s offenses as facts for the commissioner’s consideration. He is not attacking the honorable discharge “ collaterally.” His is the responsibility to appoint those to the police force whose records are not open to attack (New York City Charter, §§ 434, 884). We cannot conclude that his action in this case was unreasonable, capricious or arbitrary. Petition should, therefore, be dismissed.
Settle order.